# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 17, 2018

\* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| TIMOTHY WERNER BOOTHE, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | No. 17-1560V |
| | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Ruling on Entitlement; Table Injury; |
| AND HUMAN SERVICES, | \* | Influenza Vaccine; Guillain-Barré |
| | \* | Syndrome. |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

Robert Oushalem, San Jose, CA, for petitioner.
Linda S. Renzi, United States Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT[1]

On October 19, 2017, Timothy Werner Boothe ("petitioner") filed a petition for compensation ("Petition") under the National Vaccine Injury Compensation Program ("the Program").[2] Petitioner alleges that he suffered Guillain-Barré Syndrome (GBS) as a result of receiving an influenza ("flu") vaccination on October 3, 2016. Petition at 1.

On September 14, 2018, respondent filed a report pursuant to Vaccine Rule 4(c) stating that petitioner's claim was appropriate for compensation. Respondent ("Resp.") Report ("Rpt.") at 1. Specifically, respondent has concluded that petitioner suffered GBS following a flu vaccine within the Table time period, and there is not a preponderance of the medical evidence that petitioner's GBS was due to a factor unrelated to the vaccination. Id. at 4. The claim also meets the severity requirements because petitioner experienced sequelae of his GBS for more than six

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the ruling is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version" of the ruling. Id. **If neither party files a motion for redaction within 14 days, the ruling will be posted on the court's website without any changes.** Id.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

months.  <u>Id.</u>  Therefore, based on the record as it now stands, compensation is appropriate, as petitioner has satisfied all legal prerequisites for compensation under the act.  <u>Id.</u>

A special master may determine whether a petitioner is entitled to compensation based upon the record. A hearing is not required. § 300aa-13; Vaccine Rule 8(d). In light of respondent's concession and a review of the record, the undersigned finds that petitioner is entitled to compensation. This matter shall now proceed to the damages phase.

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master